IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12 CR 65-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| HAROLD RAY WEBB, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned upon a violation report (#29) filed in the above entitled cause on November 26, 2012 by the United States Probation Office. In the violation report, the United States Probation Office alleges that Defendant had violated terms and conditions of his presentence release. At the call of this matter on for hearing it appeared Defendant was present with his counsel, B. Todd Lentz, and the government was present through Assistant United States Attorney, Tom Kent. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through his attorney, admitted the allegations contained in the violation report (#29). The government introduced, without objection, the violation report into evidence.

The Defendant was charged in a bill of indictment filed on June 19, 2012 with sealing personal property of the United States Forest Service within the Western District of North Carolina in violation of 18 U.S.C. § 661. A hearing was held in regard to the detention of Defendant on June 28, 2012. On that date, the undersigned entered an Order releasing Defendant on a $25,000 unsecured bond. The undersigned further sets conditions of release which included the following:

(1) The defendant must not violate any federal, state or local law while on release.

(8)(i) Abide by the following on personal association, place of abode, or travel.

Travel only in the Western District of North Carolina or travel as approved by the Office of Probation and Pretrial Services. Have no contact with anyone involved in unlawful use, possession or trafficking of drugs or any other unlawful conduct. Also to Atlanta, GA to visit his doctor in the most direct route possible, the defendant is required to notify the USPO before the trip and when he returns.

(8)(p) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(8)(u) Report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

On August 15, 2012 Defendant appeared before the undersigned and entered a plea of guilty. At that time, Defendant was allowed to remain on terms and

conditions of presentence release.

On November 6, 2012, Defendant submitted to an urinalysis test which tested positive for use of methamphetamine. At the time of the test, Defendant denied he had used methamphetamine. The test was further analyzed and showed that the test was, in fact, positive for Defendant's use of methamphetamine.

On October 15, 2012, Defendant traveled to the State of South Carolina without the permission of his probation officer. During that visit Defendant had contact with law enforcement officials in Greenville County, SC. Defendant did not report this contact to his United States Probation Officer.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

Based upon the evidence, the undersigned finds there is probable cause to believe Defendant committed a federal and state crime while on release. Defendant tested positive for the use of methamphetamine on November 6, 2012. Defendant would have had to possess methamphetamine so he could consume that substance. That possession violated both federal and state law. The consumption of methamphetamine is a misdemeanor under federal law. 21 U.S.C. § 844. The consumption and possession of methamphetamine is a felony under state law. N.C.G.S. § 90-95(a)(3). Due to the fact there is probable cause to believe Defendant committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that the Defendant would not pose a danger to the safety of any other person or the community. There has further been shown by clear and convincing evidence that Defendant violated other conditions of release in that it has been shown that Defendant was in possession of methamphetamine which is a controlled substance which is not prescribed by a licensed medical practitioner. Further, Defendant violated the terms and conditions of his supervised release in that he traveled into the State of South Carolina without permission from his probation officer and that he had contact with law enforcement personnel but did not report such to his probation officer as he was required to do.

Due to the findings made above and further considering the presumption that has been created and also considering all violations of Defendant, it appears there is no condition or combination of conditions of release that would assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely the Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** Defendant be detained pending sentencing and further proceedings in this matter.

Signed: December 11, 2012

Dennis L. Howell
United States Magistrate Judge